IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-99-306 (1) |
| MICHAEL BURNIAS. | § | |

## ORDER DENYING MOTION TO DISMISS

Pending before the Court is Defendant Michael Burnias' motion to dismiss, received by the Clerk on June 12, 2007. (D.E. 32.) In it, Burnias argues that the detainer currently filed against him as a result of the Probation Office's pending petition for the revocation of his supervised release term should be dismissed. He appears to be arguing that the detainer is subject to dismissal because it has been pending for more than 180 days, and thus violates the "Interstate agreement on Detainers Act (I.A.D.), 18 U.S.C. App. III. [sic]" (D.E. 32 at 1.) He also claims that the revocation petition violates "his Sixth Amendment rights, his rights under 18 U.S.C. § 3173, and the Federal Rules of Criminal Procedure Rule 48(b). See U.S. v. Peters, 587 F.2d 1267 (1978)." ( D.E. 32 at 2.)

For the reasons set forth herein, Burnias' motion to dismiss is DENIED.

## I. BACKGROUND

On January 25, 2000, Burnias was sentenced by this Court to a term of imprisonment of 46 months in the custody of the Bureau of Prisons, to be followed by a four-year supervised release term. The Court also imposed a $500 fine and a $100 special assessment. (D.E. 24, 26.) Judgment of conviction and sentence was entered on January 27, 2000. (D.E. 26.) On March 5, 2004, the U.S. Probation Office in this District filed a petition for a warrant or summons for Burnias. (D.E. 27.) The

petition seeks a revocation of Burnias' supervised release in this case because he violated a number of conditions of his supervised release. The primary violation was for the same conduct that apparently led to his conviction in the United States District Court for the Northern District of Georgia, i.e., possession with intent to distribute 3100 pounds of marijuana and to his current incarceration.[1]

In response to the Probation Office's petition in this case, the Court issued a warrant for Burnias on March 9, 2004. Thus, a detainer is lodged against him. The warrant has not yet been executed, however.

## II. ANALYSIS

Because Burnias' revocation warrant has not yet been executed, he is incorrect in asserting that his speedy trial rights or Sixth Amendment rights have been violated. United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994) (holding that "the execution of a warrant for violation of supervised release is not subject to the Sixth Amendment's speedy trial requirement and discussing Moody v. Daggett, 429 U.S. 78 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee taken into custody"). Thus, Burnias' argument that the petition for revocation should be dismissed because it has been more than 180 days since the warrant was issued is without merit.

The authority cited by Burnias does not change this result. The Peters case he cites is a 1978 decision issued by the Court of Appeals for the District of Columbia and is not binding on this Court.

---

[1] The Bureau of Prisons website (www.bop.gov) indicates that Burnias is currently incarcerated at FCI Oakdale, which is located in Allen Parish, in the Western District of Louisiana. See 28 U.S.C. § 97(c). He has a projected release date of February 23, 2011.

See U.S. v. Peters, 587 F.2d 1267 (D.C. Cir. 1978).  Moreover, it addresses speedy trial rights, but not in the context of revocation.  Accordingly, it is inapplicable.

Similarly, Burnias' reliance on the Interstate Agreement on Detainers Act ("IAD") is misplaced.  The IAD is a congressionally mandated compact adopted by most states, including Texas.  Lara v. Johnson, 141 F.3d 239, 242 (5th Cir. 1998).  The IAD

> requires that a defendant be brought to trial within 180 days of a proper request for disposition of an indictment or detainer.  Tex. Code Crim. Proc. art. 51.14, Art. III(a).  If a trial as directed by the IAD is not held, the court is to dismiss the indictment with prejudice.  Gibson v. Klevenhagen, 777 F.2d 1056, 1058 (5th Cir. 1985).

Lara, 141 F.3d at 242.  However, the Supreme Court has squarely held that Article III of the IAD, which gives a prisoner incarcerated in one state the right to demand speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state, does not apply to detainers based on probation-violation charges.  Carchman v. Nash, 473 U.S. 716, 725 (1985).  The Carchman court's reasoning would apply to revocation proceedings, which are comparable to probation-violation charges.  Thus, neither the speedy trial act nor the IAD requires dismissal of the revocation petition or the detainer filed against Burnias.

### III. CONCLUSION

For the foregoing reasons, Burnias' motion to dismiss (D.E. 32) is DENIED.

ORDERED this 21st day of June, 2007.

Janis Graham Jack
United States District Judge