**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-99-306 (1) |
| MICHAEL BURNIAS. | § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the Court is Defendant Michael Burnias' motion for appointment of counsel, received by the Clerk on October 1, 2007. (D.E. 34.) In it, Burnias states that he is a pauper. He further claims that he has had "no legal assistance on his case since January 25, 2000," (D.E. 34 at 1) and that he has meritorious issues for review. Specifically, he requests the appointment of counsel to represent him with regard his pending petition for revocation of supervised release. (D.E. 34 at 2.) He argues that the detainer lodged against him is "adversely affecting the conditions of [his] confinement and rehabilitation" because he is not considered eligible for placement within the BOP at lower security institutions or a half-way house. (D.E. 34 at 2.) He concludes by explaining that he wants counsel appointed "so that [my] original Supervised Release Violation can be executed an In the interest of judicial economy that It be done 'IN ABSENTIA'." [sic] (D.E. 34 at 2.)

As discussed herein, Burnias has previously sought a similar result in filings with the Court, and this Court has denied his requests. Because Burnias has no pending motions or proceedings before this Court at this time, he is not entitled to the appointment of counsel. Moreover, counsel will not be appointed merely so that Burnias may try to obtain relief that the Court has already ruled he is not entitled to.

1

On January 25, 2000, Burnias was convicted and sentenced by this Court to a term of imprisonment of 46 months in the custody of the Bureau of Prisons, to be followed by a four-year supervised release term. The Court also imposed a $500 fine and a $100 special assessment. (D.E. 24, 26.) Judgment of conviction and sentence was entered on January 27, 2000. (D.E. 26.) On March 5, 2004, the U.S. Probation Office in this District filed a petition for a warrant or summons for Burnias, seeking a revocation of Burnias' supervised release. (D.E. 27.) The primary violation alleged in the petition was for the same conduct that apparently led to his conviction in the United States District Court for the Northern District of Georgia and to his current incarceration,[1] i.e., possession with intent to distribute 3100 pounds of marijuana.

In response to the Probation Office's petition in this case, the Court issued a warrant for Burnias on March 9, 2004. Thus, a detainer is lodged against him. The warrant has not yet been executed, however.

Burnias has since sought relief from the pending detainer several times, and each time this Court has denied his requests. First, by letter motion filed October 20, 2006, Burnias requested a revocation hearing "in absentia." (D.E. 28.) The Court denied that motion and Burnias' subsequent motion for reconsideration (D.E. 30) by orders entered November 7, 2006 and April 18, 2007, respectively. (D.E. 29, 31.)

Then, on June 12, 2007, Burnias filed a motion to dismiss the petition for revocation, because it had been more than 180 days since the warrant was issued. He claimed that allowing the petition for revocation to remain outstanding without holding the revocation hearing violated his speedy trial

---

[1] The inmate locator function on the Bureau of Prisons' website (www.bop.gov) indicates that Burnias is currently incarcerated at FCI Oakdale, which is located in Allen Parish, in the Western District of Louisiana. See 28 U.S.C. § 97(c). He has a projected release date of February 23, 2011.

rights. (D.E. 32.) The Court rejected this claim and argument by order entered June 21, 2007. (D.E. 33.)

Currently, Burnias has no pending motions before this Court, and has brought nothing to the attention of the Court that requires the appointment of counsel. Instead, Burnias' request for counsel appears to be another attempt to obtain an immediate hearing on his pending revocation petition. The Court has already explained in several orders why Burnias is not entitled to that relief. (See D.E. 29, 33.) For all of these reasons, Burnias' motion to appoint counsel (D.E. 34) is DENIED.

ORDERED this 3rd day of October, 2007.

_____
Janis Graham Jack
United States District Judge